No. 29,727.

James E. Braden et al., *Appellants*, v. William S. Neal et al., *Appellees*.

(295 Pac. 678.)

Opinion filed February 7, 1931.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellants.

*O. G. Underwood,* of Greensburg, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one by beneficiaries of an oral contract to make a will, to enforce the contract and to remove obstructions to enforcement. Demurrers to the amended petition were sustained, and plaintiffs appeal.

W. J. Kessinger and his wife, Lapatete Kessinger, had no children. On the death of one, the survivor would inherit the property of the decedent. Each one had collateral relatives. Mr. and Mrs. Kessinger agreed orally that during their joint lives neither would make a will, and that the survivor would make a will disposing of whatever property the survivor might leave, in a manner which was agreed to. He was a Mason, and $1,000 was to be given to the Masonic home at Wichita. She was a member of the Christian church, and $1,000 was to be given to the First Christian Church of Greensburg. The remainder of the estate was to be divided between his relatives and her relatives.

Mr. Kessinger died first. Relying on the contract with his wife, he made no will. Shortly after his death Mrs. Kessinger made a will according to the contract. Some five years later Mrs. Kessinger destroyed her will and made another which violated the

terms of the contract with her husband. The bequests to the Masonic home and the Christian church were reduced to $500 each, some specific bequests aggregating $4,000 were made, and the residue of the personal property, appraised at approximately $24,-000, was given to William S. Neal, who was Mrs. Kessinger's brother. On the day the second will was made Mrs. Kessinger conveyed to Neal her real estate, appraised at $10,400. The second will was admitted to probate on June 25, 1928, and executors named in the will were appointed, and qualified.

Plaintiffs were beneficiaries under the probated will. They were also beneficiaries of the contract between Mr. and Mrs. Kessinger, and on June 20, 1929, plaintiffs commenced an action to enforce the contract, and to set aside the probated will and the deed. The plaintiffs were children of a brother and of a sister of Mr. Kessinger, a brother of Mrs. Kessinger, and children of a brother and of a sister of Mrs. Kessinger. The defendants were William S. Neal, the Christian church, and the executors of the probated will. Because of some undisclosed arrangement, the Masonic home was no longer interested.

The petition pleaded the facts which have been narrated, and alleged that, while Mrs. Kessinger was suffering great agony caused by a fatal disease, and was weakened in body and mind and not in control of her faculties, she was induced, through fraud and undue influence, to make the probated will, and was induced to make the deed to William S. Neal through his fraud and undue influence. Defendants demurred to the petition, and the demurrer was sustained on September 10, 1929, but plaintiffs were given leave to file an amended petition.

An amended petition was filed on September 23, 1929. The amended petition did not vary in substance from the original petition. The parties were the same; although there was some elaboration of details, the foundation for relief was the same; and the relief prayed for was the same. The form of the pleading was changed. The amended petition was divided into two causes of action. The first cause of action pleaded the contract, compliance with the contract on the part of Mr. Kessinger, the first will, the second will, probate of the second will and appointment of executors, and the deed to William S. Neal. It was alleged that Neal took his deed with full knowledge of the oral contract between

Mr. and Mrs. Kessinger, and the first cause of action concluded as follows:

"That neither said will nor said deed has any force or effect as against said oral contract so made and entered into between said W. J. Kessinger and said Lapatete E. Kessinger, and that these plaintiffs are entitled to specific performance of said oral contract and for such other relief as shall be proper."

The second cause of action made the first cause of action a part of the second cause of action, and pleaded with more fullness than before the incapacity of Mrs. Kessinger, and the fraud and undue influence practiced on her, resulting in execution of the deed and the probated will. The second cause of action concluded as follows:

"That said deed so obtained by said defendant, William S. Neal, from said Lapatete E. Kessinger, was obtained by undue influence and fraud, and was made at the same time and under the same conditions as said purported will; that no consideration was paid therefor, and should be declared to be null and void.

"Wherefore, plaintiffs pray that said oral contract be specifically performed, that said will and said deed be set aside and declared for naught, and that plaintiffs have such other and further relief as shall be proper, and have judgment for their costs herein expended."

Neal and the executors filed demurrers to each cause of action, on three grounds: Plaintiffs have no legal capacity to sue; misjoinder of causes of action; and failure to state facts sufficient to constitute a cause of action. The demurrers were not based on the fact that the first and second counts were misjoined. The Christian church did not demur or answer.

The action is founded on an oral contract between Mr. and Mrs. Kessinger, the nature of which has been described. Defendants contend there was no consideration for the contract. There were mutual promises, fully performed on the side of Mr. Kessinger. The right of Mr. Kessinger to will half of his property to others than his wife was a valuable right. He promised her to forego that right, and did so. At his death, Mrs. Kessinger received the benefit of his relinquishment, and the contract was binding on her under any theory of consideration.

Defendants contend the contract was unenforceable because of the statute of frauds. The contract was such that it might have been fully performed within a year; it did not relate to specific real estate, but to assets of decedents' estates (*Stahl v. Stevenson*, 102 Kan. 447, 171 Pac. 1164); the contract was fully performed by Mr. Kessinger; and after his death Mrs. Kessinger performed on

her side by a written instrument duly executed, of the kind provided for by the contract. The result is, the statute of frauds is out of the case.

Plaintiffs are the beneficiaries of the contract between Mr. and Mrs. Kessinger. The subject of the action is the assets of her estate, real and personal, which she should have secured to plaintiffs by will. Capacity to sue consists in right to come into court for relief concerning the subject of the action. (*Howell v. Cement Co.*, 86 Kan. 450, 452, 121 Pac. 346.) The contract did not provide for specific bequests or devises. It provided merely for portions of all the property. All the plaintiffs are interested in the entire subject of the action, and very clearly they have a right to join and come into court to procure for themselves the subject of the action. (R. S. 60-410.)

The right of plaintiffs was right to performance of the contract. The violation of that right consisted in breach of the contract by Mrs. Kessinger—her failure to leave a will according to the contract. The relief desired is that the corpus of Mrs. Kessinger's estate shall be secured to plaintiffs as effectively as if a proper will had been made. The result is, plaintiffs have but one cause of action.

What plaintiffs did was to join as defendants all who claimed interests in the subject of the action adverse to plaintiffs, and who are necessary parties for complete determination of the controversy. The adverse interests of the defendants were created by a transaction which involved the making of a will and a deed. That transaction did not split plaintiffs' cause of action to reach the Kessinger estate in the hands of the defendants, and the code of civil procedure provides for joinder of defendants in such cases. (R. S. 60-411.)

Defendants contend the action was in part one to contest a will. The amended petition described the nature of the claimed interests of defendants, and stated facts showing their muniments of title were inefficacious; the deed and will were products of incapacity, fraud, and undue influence. If, however, the allegations of incapacity, fraud and undue influence were stricken out, a cause of action would remain. The deed and will were made in contravention of a valid contract, and the amended petition shows that defendants are not innocent purchasers or otherwise equitably entitled to hold the estate. The action is one in equity. The basis of the ac-

tion is not lack of mental capacity on the part of Mrs. Kessinger, or fraud or imposition practiced on her. The basis of the action is the constructive fraud on Mr. Kessinger and the beneficiaries of the contract, occasioned by Mrs. Kessinger's failure to leave an effective will of the kind she promised to make. The cause of action would be precisely the same if Mrs. Kessinger had been competent to make the probated will and the deed, and had freely executed them as her voluntary disposition of her estate. The method of disposal is important only in ascertaining whether defendants are innocent purchasers.

The principle involved is the same as that which controlled the decision in the case of *Anderson v. Anderson*, 75 Kan. 117, 88 Pac. 743. In the Anderson case it appeared that Palmlund and his wife, who resided in Kansas, were childless. They promised Anderson and his wife, who lived in Sweden, that if the Andersons would part with their daughter, Cecelia, as their child, and send her from Sweden to America to live with the Palmlunds, the Palmlunds would take her into their home, would treat her as their own natural-born child, and at their death would give her all the property. they possessed. The offer was accepted, and the child was sent to the Palmlunds. Her name was changed from Cecelia Anderson to Hilda Palmlund. The Palmlunds treated her as their child, and she demeaned herself as their child. But they did not adopt her, and the surviving Palmlund died intestate. Hilda recovered judgment for all the Palmlund property, and in affirming the judgment this court said:

"When a definite contract to leave property by will has been clearly and certainly established, and there has been performance on the part of the promisee, equity will grant relief, provided the case is free from objection on account of inadequacy of consideration and there are no circumstances or conditions which render the claim inequitable. This is the general doctrine adhered to by the courts. [Citations.]

"The principle upon which courts of equity undertake to enforce agreements of this kind is well stated in *Bolman et al. v. Overall, Ex'r, et al.*, 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107. It was there said:

" 'It is not claimed, of course, that any court has the power to compel a person to execute a last will and testament carrying out his agreement to bequeath a legacy, for this can be done only in the lifetime of the testator, and no breach of the agreement can be assumed so long as he lives. And after his death he is no longer capable of doing the thing agreed by him to be done. But the theory on which the courts proceed is to construe such an agreement, unless void under the statute of frauds or for other reason, to bind the property of the testator or intestate so far as to fasten a *trust* on it

in favor of the promisee, and to enforce such trust against the heirs and personal representatives of the deceased or others holding under them charged with notice of the trust. It is in the nature of a covenant to stand seized to the use of the promisee, as if the promisor had agreed to retain a life estate in the property, with remainder to the promisee in the event the promisor owns it at the time of his death, but with full power on the part of the promisor to make any *bona fide* disposition of it during his life to another, otherwise than by will.'" (*Anderson v. Anderson,* 75 Kan. 117, 123, 88 Pac. 743.)

The result is, the action is not one to contest a will; it is one to impress a trust on property in the hands of those who, in equity and good conscience, may not hold it, and to place the property in the hands of those who, in equity and good conscience, should possess and enjoy it. In granting primary relief the court will disregard the will and the deed as title instruments; but the court will grant full relief, and will cancel instruments which might constitute clouds on plaintiffs' title, whatever the nature of the instruments.

The foregoing is sufficient to dispose of contentions of defendants which have not been discussed.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrers to the amended petition.