No. 32,239

JAMES M. DELLENBAUGH, *Appellee*, v. THE GREAT AMERICAN LIFE
INSURANCE COMPANY, *Appellant*.

(44 P. 2d 899)

Opinion filed
May 4, 1935.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of
Hutchinson, for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Getto McDonald* and *Dwight S.
Wallace,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on the total and permanent dis-
ability provisions of a life insurance policy. The trial court found
generally for plaintiff. Defendant has appealed, and contends (1)
the evidence does not support a finding of total permanent disability
as defined in the policy; and (2) under the circumstances it was
plaintiff's duty to submit to an operation.

The action was brought on a life insurance policy issued by de-
fendant to plaintiff July 25, 1921, and on which the premiums had
been paid. In addition to features of the policy not here in question
it contained, or had attached as a part of it, provisions respecting
total and permanent disability benefits which, shortly stated, are to
this effect: After one full year's premium shall have been paid, if
insured, before he attains the age of sixty years, furnishes the in-
surer proofs that he has become totally disabled by bodily injury or
disease while the policy is in force so that he is and will be per-
manently, continuously and wholly prevented thereby, for life, from
performing any work for compensation or profit, or from following
any gainful occupation, the insurer agrees to pay the subsequent
premiums on his policy as they become due, such payments not to be
a lien on the policy or the cash or surrender value thereof, and also
will pay directly to the assured $25 per month during the continu-
ance of such disability, or until his death. The petition alleged that

plaintiff, the insured, while the policy was in force and before he attained the age of sixty years, had become totally and permanently disabled; that the cause of such disability was ventral and umbilical hernia and neurasthenia; that due proofs of such disability had been made to the insurer, and that defendant had failed and refused to pay the $25 per month, or the premiums on the policy, or to recognize any liability therefor.

Defendant's answer admitted the issuance of the policy and other material allegations of the petition, except it specifically denied that plaintiff after the issuance of the policy became totally and permanently disabled, as set forth in the clause of the policy, and denied that by reason of any bodily injury or disease plaintiff is and will be permanently, continuously and wholly prevented thereby, for life, from performing any work for compensation or profit, or from following any gainful occupation.

Hence, the issue before the trial court was whether plaintiff had become totally and permanently disabled within the meaning of the provisions of the policy. The law governing the matter is quite well settled in this state by the decisions in *Maresh v. Peoria Life Ins. Co.*, 133 Kan. 191, 654, 299 Pac. 934, 3 P. 2d 634, and *Thomas v. Liberty Life Ins. Co.*, 131 Kan. 175, 289 Pac. 414, and authorities cited therein. Later cases from other jurisdictions, some citing and following our decisions, are in accord: *Wilson v. Metropolitan Life Insurance Co.*, 187 Minn. 462, 245 N. W. 826; *Cantor v. Metropolitan Life Ins. Co.* (Pa.), 164 Atl. 145; *Colovos v. Home Life Ins. Co. of New York* (Utah), 28 P. 2d 607; *Prudential Ins. Co. of America v. Harris*, 254 Ky. 23, 70 S. W. 2d 953; *Jefferson Standard Life Ins. Co. v. Hurt*, 254 Ky. 603, 72 S. W. 2d 23; *Banker's Life Co. v. Green*, 256 Ky. 496, 76 S. W. 2d 276; *Buis v. Prudential Ins. Co. of America* (Mo. App.), 77 S. W. 2d 127; *Prudential Ins. Co. of America v. Bond* (Ky.), 77 S. W. 2d 373; *Equitable Life Assur. Soc. of United States v. Johnson's Adm'r* (Ky.), 77 S. W. 2d 943; *Home Life Ins. Co. v. Ward* (Ark.), 75 S. W. 2d 379; *Clott v. Prudential Ins. Co.*, 112 N. J. L. 18, 175 Atl. 203; *Prudential Ins. Co. of America v. Brookman* (Md.), 175 Atl. 838; *Gennett v. Jefferson Standard Life Ins. Co.* (N. C.), 178 S. E. 87; *Metropolitan Life Ins. Co. v. Schneider* (Ind.), 193 N. E. 690; *Bahneman v. Prudential Ins. Co.* (Minn.), 257 N. W. 514; *Oswald v. Equitable Life Assur. Soc.* (Neb.), 258 N. W. 41.

Under these authorities, whether the insured was totally and permanently disabled within the meaning of the provisions of the

policy is a question of fact. In this case there was some conflict in the evidence with respect to the facts, testimony that was to be weighed, credibility of witnesses to be passed upon. These are functions of the trial court. In such a case we examine the facts only far enough to see whether there is substantial competent evidence to support the finding and judgment of the trial court. The evidence disclosed that plaintiff is a tenant farmer; that he had an umbilical hernia for some six or seven years prior to the trial, that a year or more before the trial a ventral hernia developed about two or three inches above the first; that the hernia became strangulated; that plaintiff suffered pain, was in bed several days, a neurasthenic condition developed; that he was unable to do any work of consequence. A number of witnesses testified to his inability to work; that when he tried to work he had to quit and lie down, and appeared to suffer pain, and that he had done no work of consequence for a year or more. Two physicians who had treated him testified to his condition; that he was unable to do more than light work, or a few chores; that he was much overweight; that the muscular wall of the abdomen was thin, and that he was very nervous. The condition was permanent unless it could be relieved by an operation. They advised against an operation for him in his condition. We regard the evidence as sufficient to sustain the finding and judgment of the court.

Appellant argues that the insured should have been required to submit to an operation as a condition precedent to recovery, and we are asked to review the holding of the court in *Maresh v. Peoria Life Ins. Co.*, supra, on that point. Appellant cities the annotations in 86 A. L. R. 354. There are two answers to this argument: (1) We do not find this question was presented to the trial court either in the pleadings or elsewhere in the record. (2) Were we disposed to review the conclusion of the court on this point as expressed in the Maresh case—and we are not here intimating it should be reviewed—there is substantial evidence in this record to the effect that such an operation would be ill-advised in view of the condition of the insured. If the question were before the trial court there is substantial competent evidence to sustain a ruling of the trial court that such an operation should not be required.

We find no error in the record. The judgment of the trial court is affirmed.