No. 33,231

PEARL REED-SMITH, *Appellant,* v. R. M. LOCKRIDGE, as Administrator of the Estate of Kathleen I. R. Todd, Deceased. (ANNA E. READY and CHARLES K. REED, *Appellees.*)

(65 P. 2d 345)

Opinion filed March 6, 1937.

*W. T. Roche,* of Clay Center, and *Richard C. Southall,* of Kansas City, Mo., for the appellant; *J. H. Wilson,* of Salina, of counsel.

*C. Vincent Jones,* of Clay Center, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to establish heirship. Appel-

lant first filed an application in the probate court of Clay county, in which she asked to be listed as an heir of Kathleen I. R. Todd, deceased. The application was denied and she appealed to the district court. The result was the same, and from that judgment she appeals.

A brief statement relative to the relationship of parties to the action may be helpful. R. M. Lockridge was made party defendant, as administrator of the estate of Kathleen I. R. Todd, deceased. Kathleen Todd died intestate in Clay county, leaving no direct heirs. One of her brothers was John Reed. He died in 1925. He had married a Mrs. O'Shey, who was the mother of appellant, Pearl Reed-Smith. The mother, Mrs. O'Shey, died in 1928. The other defendants, Anna E. Ready and Charles K. Reed, are children born to the marriage of John Reed and Mrs. O'Shey.

The contention of appellant is she was an illegitimate child of John R. Reed, and under facts to be narrated, was entitled to inherit from the estate of the deceased equal shares with the other two children of John Reed. She contends John R. Reed had access to her mother, Mrs. O'Shey, during a period of abandonment by O'Shey and that the continuous absence of O'Shey was for a sufficient length of time to preclude O'Shey from being her father. Appellant was born July 9, 1882, in the state of Missouri, where the parties were then living. Mrs. O'Shey was divorced from O'Shey on November 15, 1884. The service was by publication. She later married John R. Reed. Appellant contended below an agreement in writing had been executed in the state of Missouri between John Reed and her mother, prior to their marriage, which was framed and hung on the wall behind the marriage certificate. It was explained this agreement had been lost in the flood of 1903. The substance of it as stated by the witness, McFadden, was alleged to be as follows:

"I, John Reed, hereby acknowledge the baby, Pearl, as mine and promise to adopt her and raise her under my name the same as though she had been born after we were married."

McFadden testified he signed the alleged agreement as a witness but that it was not signed by John Reed, or the mother of appellant, at the time he saw it and signed as a witness. The substance of the instrument according to appellant's testimony was:

"I hereby acknowledge the child, Pearl Reed, as my own and agree to raise the child as my own child and just the same as though her mother and I were married at the time she was born."

Appellant asserts the law of Missouri is controlling, but that she should also prevail under the laws of Kansas. The Missouri statute relied upon is section 315 of the Revised Statutes of Missouri, 1929. It provides:

"If a man, having by a woman, a child or children, shall afterwards intermarry with her, and shall recognize such child or children to be his, they shall thereby be legitimated."

The evidence was oral, documentary and by depositions. Appellant proceeds here on the theory there was ample evidence to justify her recovery under the statute and decisions of both Missouri and Kansas. If that were the test on appeal in this state we might agree with appellant. When the evidence is all documentary or by deposition, this court can examine the evidence and weigh it as intelligently as the district court, and hence we do review it. (*Federal Agency Investment Co. v. Baker,* 122 Kan. 460, 252 Pac. 262; *Adams v. Morgan,* 142 Kan. 865, 871, 52 P. 2d 643.) That, however, is not the rule where evidence is both oral and documentary, and is conflicting. (*Adams v. Morgan,* supra.)

It will serve no useful purpose to narrate the evidence in detail. It has been carefully examined to ascertain whether the evidence compelled a reversal. In so doing this court is concerned only with evidence and inferences therefrom which support the findings of the trier of the facts and does not consider evidence unfavorable to such findings. (*Dellenbaugh v. Great American Life Ins. Co.,* 141 Kan. 855, 857, 44 P. 2d 899; *Bergman v. Kansas City Public Ser. Co.,* 144 Kan. 27, 58 P. 2d 110; *Meneley v. Montgomery,* 145 Kan. 109, 64 P. 2d 550; *Simmons v. Wilson Employees Mut. Benefit Fund,* 145 Kan. 128, 64 P. 2d 50.) In the instant case the trial court was the trier of the facts. Under the Missouri statute appellant had the burden of establishing three facts: first, that John Reed was in fact the father of appellant; second, that he later married Mrs. O'Shey, appellant's mother; and third, that he recognized appellant as his own child. There was no question about the second element. Reed did marry appellant's mother. The result turns on the first and third elements. The evidence offered in support of them failed to satisfy or convince the trial court. It frankly so stated. Under these circumstances what can this court do about it? Let us consider for a moment proof on the element of paternity. Appellant says, "The evidence was not refuted, that acknowledgment of the paternity of appellant was made by John Reed in writing." As-

suming for the moment that statement is accurate, the trial court was not obliged to believe such an agreement was executed. In *Peoples National Bank v. Diven*, 135 Kan. 400, 10 P. 2d 883, it was held:

"The rule followed that a court or jury is not required to believe or accept as true the testimony of witnesses merely because there was no direct evidence contradicting the same." (Syl. ¶ 1.) (See numerous cases cited.)

One of the witnesses, an old colored man, eighty years old, testified about O'Shey's leaving Mrs. O'Shey, but on cross-examination said he might be mistaken as to the time two or three years either way. There was testimony by defendant, Anna E. Ready, another child of John Reed, that there was never any alleged contract hung on the wall. There was also testimony that appellant's mother and John Reed had both said Pearl was born before they ever met each other. Much other persuasive testimony might be related in support of the trial court's conclusion. One other fact, however, is noteworthy. As stated, appellant was born July 9, 1882, and Mrs. O'Shey was divorced from O'Shey on November 15, 1884. From the evidence offered by appellant's mother, or in her behalf, the trial court in that divorce action specifically found:

"The court finds from the evidence that plaintiff and defendant were lawfully married on the 5th day of December, A. D. 1880, in Jackson county, state of Missouri, where plaintiff has ever since resided; that plaintiff continued to live with defendant as his wife until the year A. D. 1883, discharging all her duties, since which time she has lived separate and apart from defendant."

The decree of divorce expressly provided:

"That plaintiff have sole care and custody of Pearl O'Shey, the infant child born of the marriage aforesaid."

Touching the third element, namely, that of John Reed's recognition of appellant as his daughter, the evidence is in hopeless conflict. The result is we cannot disturb the judgment. The statutory requirements not having been met, appellant cannot prevail.

Appellant further contends even though the court should hold she cannot prevail on the former contention, she is still entitled to be listed as an heir by reason of Reed's contract *to adopt* her, which, combined with her conduct, created an equitable adoption. There are of course cases where that doctrine has been justly and properly applied. One insurmountable barrier to appellant's last contention before this court is, the evidence did not satisfy or convince the trial court such contract was ever made. The judgment must be affirmed. It is so ordered.