No. 33,426

SAM KALLAIL, as Administrator of the Estate of Clara Kallail, Deceased, *Appellee*, v. FRANK SOLOMON, *Appellant*.

(72 P. 2d 966)

Opinion filed November 6, 1937.

*O. W. Helsel, John Madden, John Madden, Jr.,* and *Howard C. Kline,* all of Wichita, for the appellant.

*James B. Nash* and *John E. Hurley,* both of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by an administrator to recover on behalf of the estate of Clara Kallail, deceased, a judgment against defendant for money had and received from deceased during her lifetime. The action was originally instituted in the city court of Wichita, where plaintiff prevailed. Defendant appealed to the district court, where the result was the same. From the latter he appeals.

Defendant contends the trial court erred in: (1) overruling his demurrer to plaintiff's evidence; (2) giving certain instructions; (3) refusing to set aside the verdict and special findings; (4) refusing to grant a new trial. .

Touching first the overruling of the demurrer, we shall examine the record in order to ascertain whether plaintiff's evidence showed that defendant had borrowed $800, the amount in question, from the deceased, and if so, whether the evidence further showed it had not been paid. Defendant contends plaintiff's evidence disclosed the debt was evidenced by a note and that the note was paid during the lifetime of the deceased. This was not a suit on a note, but for money had and received. Clara Kallail, the alleged loaner of the money, was, of course, not available as a witness. It appears plaintiff was obliged to rely upon the defendant for direct evidence as to the making of the loan by the deceased. He called defendant as his own witness to establish only the fact that the indebtedness to the deceased had been incurred. He did not interrogate defendant concerning payment, as payment was strictly a matter of defense. The trial court, however, permitted defendant, on cross-examination, over plaintiff's objection, to testify concerning payment. Defendant testified the debt was represented by a note, that he had paid it, and the note was admitted in evidence on his cross-examination over plaintiff's objection. The court, however, later righted itself by

overruling the demurrer. The ruling on the demurrer must be sustained. Defendant admitted he had borrowed $800 from the deceased on September 19, 1935. That established the fact a debt had been created. He, however, claimed he paid this amount to the deceased at his office between about the dates of March 18 and 20, 1936. It may be well to state here, although we shall refer to the fact later, that the note which defendant had in his possession was not due at the time defendant claimed he had paid it. It should be further observed the alleged note purported to have been made payable exactly one year from date, or September 19, 1936, and not "on *or before* September 19, 1936." There were, also, some things about the physical characteristics of the note which the jury probably considered worthy of rather careful scrutiny. We need, however, not dwell further on that aspect of the case. The note disclosed no marks of cancellation or payment. Other evidence offered on behalf of plaintiff, if believed, and it was, strongly tended to show deceased could not have been and was not present at the office of defendant during the alleged period of payment, owing to her critical illness occasioned by serious kidney and bladder trouble. Deceased was taken to St. Francis hospital on March 3, 1936, and was returned to her home on March 11. According to other evidence, deceased was in the constant care of an attendant after she was returned to her home. There was evidence she was never left alone. The evidence further disclosed she was out of her home on only two occasions after she first went to the hospital on March 3. On April 3 she attended the dedication of a church with her family and on April 5, which was Palm Sunday, she also attended church. On April 7 she was taken to the Wichita Hospital, and died on the morning of April 13.

The loan to defendant in the sum of $800 was clearly established. Defendant claimed he had paid the sum to deceased in currency of denominations of five dollars and higher. On March 18 and 19 defendant had on deposit in his own personal account with his bank the respective sums of $3,356.57 and $1,641.50. The deposit was in the name of the F. R. Solomon Candy Company, of which he was the sole owner. Plaintiff's evidence disclosed no such sum of money was found in deceased's possession or among any of her valuable papers or belongings. In view of all the competent evidence and reasonable inferences which might be drawn therefrom, the evidence was amply sufficient to take the case to the jury on the question of payment, and hence the demurrer was properly overruled.

Defendant also urges the trial court erred in overruling his motion to set aside the general verdict and two special findings. He contends they were not supported by the evidence. The findings were, first, that the note identified by defendant was never executed by defendant and delivered to the deceased, and second, that defendant had not repaid the money borrowed from the deceased. The ruling was proper. These findings clearly disclose the jury did not believe defendant had ever executed and delivered the note to deceased and further that the jury disbelieved all testimony offered on behalf of defendant concerning payment of the debt. The jury was not obliged to believe the defense testimony, although there was no direct evidence to contradict the same. (*Smith v. Lockridge,* 145 Kan. 395, 65 P. 2d 345.) We are without power to nullify the disbelief. The effect of defendant's motion as to the special findings is that there was no evidence to support the disbelief. The position is untenable. The disbelief may have resulted from the demeanor of defendant and his witnesses, and from the very nature of the evidence produced by them. In that event no additional evidence was necessary to strengthen, if that were possible, the existing disbelief. On the other hand, plaintiff's evidence was of a character to strongly support the disbelief of defendant's evidence. The general verdict and the special findings are in no sense inconsistent. The result is, both must stand.

We turn next to the objection to instructions. The complaint is they placed the burden of proof of payment of the note on defendant. That the general rule places the burden of such payment on defendant is conceded. Defendant, however, insists the fact the note was in his possession shifted the burden to plaintiff to show it was not paid. If such were the rule where possession of a note is in the maker *before maturity,* as it was in the instant case, there was ample evidence to support the finding it was not paid. Such, however, is not the rule. In 8 C. J., Bills and Notes, § 1319, the rule is stated thus:

"Payment of a bill or a note will be presumed from possession, after maturity, by the maker or acceptor, or by a surety; and if a note is found among the maker's papers after his death it will be presumed to have been paid. Payment will not be inferred, however, from possession by the maker or the acceptor before maturity; from possession by the maker as administrator or agent of the holder; or where the possession was obtained by the unauthorized act of the holder's agent, or it does not appear that the note was ever delivered to the payee, or the bill put into circulation."

In 21 R. C. L., Payment, § 142, it is said:

"A presumption of payment from possession by the obligor does not arise in the case of a negotiable instrument before due; but, on the contrary, in such case it is a matter of legal presumption that the bill or note is unsatisfied, and that it was endorsed and placed in the hands of the maker for his accommodation." (See, also, *Dencer v. Jory,* 131 Ore. 653, 284 Pac. 163, 70 A. L. R. 855, and annotation; *Hollon v. Weatherford's Administrator,* 259 Ky. 142, 82 S. W. 2d 208, 211.)

There was no error in the instructions, and in view of what has been previously said concerning other specifications of error, the motion for a new trial was properly overruled.

The judgment must be affirmed. It is so ordered.