No. 34,738

Earl C. Johnson, *Appellee*, v. William Soden and Lelah Soden, His Wife, *Appellants*.

(103 P. 2d 812)

Opinion filed July 6, 1940.

*William Davison,* of St. John, for the appellants.

*Ralph Knittle,* of Salina, and *John J. McCurdy,* of Lincoln, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action for the specific performance of an oral contract for the equal division between plaintiff and the defendant, William Soden, half brothers, of all real estate and personalty remaining after the death of the surviving parent, to set aside deeds executed and delivered to the defendant by his father, James D. Soden, shortly before his father's death, and to set aside a will of James D. Soden, which deeds and will were in contravention of the oral contract made by the parents, and for an accounting of rents and profits from the lands involved and for an accounting of all personalty in the possession of the defendant, William Soden. The plaintiff prevailed, and the defendant appeals.

The appellee, Earl C. Johnson, and the appellant, William Soden, as stated, are half brothers. The only other defendant was Lelah Soden, wife of the defendant William Soden. Appellee was the son of Carrie Johnson, by a former marriage. Carrie Johnson, a widow, later married James D. Soden. The appellant, William Soden, was a son of Carrie Soden and James D. Soden. The oral contract relied upon by plaintiff for an equal division of the prop-

erty between himself and his half brother, was alleged to have been the agreement made and entered into by and between his mother, Carrie Soden, and his stepfather, James D. Soden. Carrie Soden died December 19, 1937. James D. Soden died August 7, 1938, at the age of seventy-eight years. The agreement relied upon by appellee was that the property acquired by the joint efforts of Carrie Soden and James D. Soden would be left to the surviving spouse and that at the death of the last spouse the property should be divided equally between the half brothers. The evidence disclosed that within about seven months after the death of Carrie Soden, and on July 26, 1938, which was less than one month prior to the death of James D. Soden, two deeds were executed by the aged father to the appellant, his own son. The title to the real estate stood in the name of James D. Soden. The property was acquired by the joint efforts and investments of Carrie and James D. Soden. One of the deeds was to all of the farm land consisting of approximately 320 acres. The other deed conveyed property in the city of Salina on which was located a rooming house. The rooming house was furnished with personal property required for its operation. The deeds were recorded August 17, 1938. Two days after the deeds were executed James D. Soden executed a will. Under the terms of the will appellee did not receive one-half of the property remaining at the death of James D. Soden. The instant action was filed December 10, 1938.

Before considering the appeal on its merits we are confronted with a motion of appellee to dismiss the appeal. In support of his motion he contends appellant, after perfecting his appeal, complied with a portion of the judgment which had constituted an issue in the lawsuit, and that the compliance constituted such acquiescence in the judgment as to preclude his right to appeal therefrom. The conduct of appellant subsequent to the appeal which is relied upon, pertains to that part of the judgment which required appellant to make an accounting of rents and profits from the property conveyed to him by his father, and to make an accounting of all personalty in his possession. The court, in the original judgment, made a specific finding which required such accounting. That finding, among others, was objected to by appellant. The failure to set aside that finding, and others, is one of the errors specified in the appeal. Subsequent to the appeal a complete accounting was made and considered by the trial court. The accounting was approved.

It was then ordered that appellee was entitled to an equal, undivided one-half interest in all of the personalty disclosed by the accounting. There is no appeal from the latter order. The motion to dismiss the appeal probably should be sustained. In view, however, of the conclusion we are compelled to reach on the merits, we prefer to consider the appeal.

In the reply brief of appellant, the only question involved is stated by appellant as follows:

"We might suggest to the court that the only question involved in this appeal is whether [plaintiff] Earl C. Johnson has proven by clear, convincing and satisfactory testimony that the oral contract alleged was entered into and whether the same should be enforced."

The trial court specifically found such contract existed and that it was established by clear, convincing and satisfactory evidence. It is unnecessary to set forth in detail all the findings. The court further found the father of William Soden breached the oral contract after the death of his wife, by executing the deeds and the will. The court specifically found there was evidence tending to prove the mental incapacity of James D. Soden to execute the deeds and the will. In rendering the judgment the court, however, did not consider the mental incapacity of the father, but based its judgment upon evidence which established the contract and the breach thereof. That evidence established a cause of action. (*Braden v. Neal,* 132 Kan. 387, 390, 295 Pac. 678.)

Appellant suggests the contract was without consideration. No authority is cited to support the contention. There was ample consideration. There were mutual promises between Carrie Soden and James D. Soden. The promise of Carrie Soden not to dispose of one-half of her interest in the joint property, but to leave her entire interest therein to her husband for his use and benefit during his lifetime and to leave the residue in equal shares to the boys, constituted a promise to forego a substantial right. She kept her promise. James D. Soden benefited thereby. The contract was binding upon him. That she had a substantial interest in the property by reason of personal funds invested and services rendered in the management of a portion of the property cannot be doubted. Other considerations might be mentioned. The contract was not lacking in consideration. (*Braden v. Neal,* supra.)

Appellant urges the court erred in refusing to set aside certain findings of fact and conclusions of law. It will serve no useful pur-

pose to narrate the evidence. The record abundantly sustains the findings made. On review this court is concerned only with the question whether there is substantial evidence to support the findings made and not with evidence which, if believed, would support contrary findings. (*Smith v. Lockridge,* 145 Kan. 395, 397, 65 P. 2d 345.)

Defendant further contends the court erred in not making additional findings of fact and conclusions of law contrary to those made. It is true the court was obliged to consider all of the evidence, but it was not required to believe or accept as true the evidence relied upon by appellant. A court, as a trier of the facts, is not obliged to believe certain testimony even though there is no direct testimony to contradict it. (*Smith v. Lockridge,* supra; *Kallail v. Solomon,* 146 Kan. 599, 72 P. 2d 966.)

Appellant contends appellee's mother, Carrie Soden, breached the contract, and therefore the contract became null and void. The trial court expressly found that Carrie Soden fully performed the contract on her part. A careful review of the record convinces us the finding is amply supported by evidence.

Other contentions of error have been noted. We find no reversible error in the record, and the judgment of the trial court is affirmed.