MARTHA ESSAY, APPELLEE, V. EDWARD ESSAY, APPELLANT.

123 N. W. 2d 648

Filed October 11, 1963. No. 35405.

See *ante* p. 689, 123 N. W. 2d 20, for original opinion.

Wade H. Ellis and Jack Devoe, for appellant.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The appellee asserts on rehearing that this court was in error in holding that "the net profits earned from April 13, 1960, to July 24, 1961, are to be shared equally, and that such rule applies until the partnership is terminated." Upon a reconsideration of this point we conclude that the opinion was in error in this respect.

It is the general rule that the right of a partner to share in the profits earned by the continuance of a partnership business after its dissolution is founded upon the use to which such partner's interest in the capital and assets of the partnership has been put in earning subsequent profits, and if the partner claiming an interest in profits earned after the dissolution has no interest in the assets or capital of the partnership after dissolution, he is not entitled to share in such profits. 40 Am. Jur., Partnership, § 390, p. 398.

From the date of dissolution, in this case April 13, 1960, until the appointment of a receiver on July 24, 1961, Edward Essay continued to manage the business and devoted his time and skill to its operation. Where the profits earned after dissolution and before a final

accounting are attributable in part to the personal skill or services of a partner, it is a factor to be considered in the apportioning of the shares of the partners.

We conclude, however, that the interest which Edward Essay may have in the profits earned after the dissolution of the partnership can be determined only after the interests of the partners in the capital and assets of the partnership are determined. We hold that this court prematurely decided the shares that each partner was to have in the profits after dissolution. We direct the trial court to reserve its ruling with reference thereto until there has been a final accounting of the capital and assets of the partnership, and that the profits earned after the dissolution be then apportioned in the proportion that each had in the partnership assets at the time of dissolution, subject to a consideration of the service and personal skill of Edward Essay in earning such profits, either by adequate compensation therefor or by increasing his share of the profits as equity requires. Vangel v. Vangel, 45 Cal. 2d 804, 291 P. 2d 25, 55 A. L. R. 2d 1385.

Our former opinion appearing *ante* p. 689, 123 N. W. 2d 20, is accordingly modified in accordance herewith and the motion for a rehearing overruled.

FORMER OPINION MODIFIED.
MOTION FOR REHEARING OVERRULED.