MARTHA ESSAY, APPELLEE, v. EDWARD J. ESSAY, APPELLEE, BUSINESS CAPITAL, INC., OF IOWA, INTERVENER-APPELLANT.

142 N. W. 2d 337

Filed May 6, 1966. No. 36235.

Reddish, Fiebig & Curtiss, Robert L. Jeffrey, and Richard L. Goos, for appellant.

Wright, Simmons & Hancock, for appellee Martha Essay.

Wade H. Ellis, for appellee Edward J. Essay.

William H. Hein, for receiver Jones.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and RONIN, District Judge.

BOSLAUGH, J.

This action was commenced for the dissolution of a partnership, an accounting of its operations, and the appointment of a receiver to wind up its affairs. This is an appeal by the intervener, Business Capital, Inc., of Iowa, from an order of the district court made on September 8, 1965, approving the final account of the receiver, allowing the fees of the receiver and his attorney, and ordering the distribution of the assets.

This is the third appeal to this court in this action. In Essay v. Essay, 175 Neb. 689, 123 N. W. 2d 20, we held that the partnership which had existed between the plaintiff, Martha Essay, and the defendant, Edward J. Essay, was dissolved on April 13, 1960; and that the defendant was liable to the plaintiff for one-half of the amount by which his partnership investment account was overdrawn. A supplemental opinion, 175 Neb. 730, 123 N. W. 2d 648, directed that a division of the profits earned after dissolution should not be made until after there had been a final accounting of the capital and assets of the partnership.

In Essay v. Essay, ante p. 47, 141 N. W. 2d 436, we affirmed the judgment of the district court finding and determining that the defendant had no interest in the assets of the partnership on April 13, 1960, and no interest in the profits earned after that date. The order confirming the sale of the business to the plaintiff was also affirmed.

On July 16, 1965, the receiver filed his final account and petition for distribution. The petition alleged that the receiver should be allowed an additional fee of $22,900 and his attorney $12,500. A copy of the account and petition was forwarded to Alan Curtiss, one of the attorneys representing the intervener, with a request that the attorney for the receiver be notified of any objection that the intervener might have to the fees requested for the receiver and his attorney.

Thereafter, Mr. Curtiss notified the attorney for the

receiver that the intervener would object to the fees proposed for the receiver, and an inquiry was made as to how the fees would be allocated. No written objections to the account or petition were filed by the intervener.

A hearing on the final account and petition of the receiver was held on September 8, 1965. Mr. Curtiss was ill on that day and unable to appear in court. Another member of his firm appeared and moved in open court for a continuance of the hearing. The motion was dictated into the record and supported by the stipulation of the parties that Mr. Curtiss had become ill during the early morning hours of that day and was unable to appear; and that there was no one else available who was sufficiently familiar with the facts and pleadings of the case to proceed with the hearing on behalf of the intervener at that time. The motion for continuance was overruled and the hearing proceeded with no one appearing in behalf of the intervener.

The district court found that the final account and petition for distribution of the receiver should be allowed; that the receiver should be allowed an additional fee of $22,900; that his attorney should be allowed an additional fee of $12,500; that after payment of the fees, the balance on hand should be distributed according to the previous order of the court; that $41,000 of the fees allowed the receiver should be charged as cost of operating of the business; that $13,500 of the fees allowed the attorney for the receiver should be charged as a cost of operation of the business; that the balance of the fees should be charged as costs and assessed against the defendant; and that a proposed order of distribution should be submitted by September 15, 1965.

The receiver filed a proposed order of distribution on September 15, 1965. On the same day, an order was entered approving the proposed distribution subject, however, to written objections to be filed by any party on or before September 30, 1965. On September 16, 1965, a motion for a new trial and to vacate the order of Sep-

tember 8, 1965, was filed by the intervener.

On September 23, 1965, the plaintiff filed objections to the proposed distribution alleging that chargeable costs accruing after April 20, 1964, should be charged jointly against both the defendant and intervener. On September 30, 1965, written objections to the proposed distribution were filed by the intervener and the defendant.

A hearing on the objections was had on October 12, 1965, and testimony was taken. The court took the matter under advisement and allowed the parties to file briefs. The intervener's motion for new trial, filed September 16, 1965, was overruled on this same day. The intervener filed a notice of appeal on November 8, 1965. The record does not show the decision of the trial court, if any, upon the objections of the intervener to the proposed order of distribution.

The assignments of error relate to the overruling of the intervener's motion for continuance on September 8, 1965; the amount of fees allowed the receiver and his attorney; and the allocation of the fees between court costs and the cost of operation of the business.

The intervener contends that the overruling of its motion for a continuance on September 8, 1965, was an abuse of discretion and deprived it of due process of law. It is unnecessary to determine this question. The order of September 15, 1965, which approved the proposed distribution subject to the filing of written objections, eliminated any prejudice that might otherwise have resulted from the overruling of the intervener's motion for a continuance on September 8, 1965.

The effect of the order of September 15, 1965, was to leave the matter pending and subject to the further order of the district court. The objections filed by the intervener on September 30, 1965, incorporated the objections contained in the motion for new trial filed on September 16, 1965. The objections further specifically attacked the fees allowed to the receiver and his attor-

ney and the apportionment of the costs of the receivership and the court costs. These are the issues raised by this appeal.

It is fundamental that there can be no appeal to this court until there has been a judgment or final order in the district court. § 25-1911, R. R. S. 1943.

The record before us does not show that there has ever been a ruling upon the objections which were filed by the intervener. The situation is similar to that which occurs when a motion for new trial has been filed but there has been no ruling upon it. See, Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385; Mueller v. Keeley, 163 Neb. 613, 80 N. W. 2d 707.

Upon the state of the record before us, we conclude that the appeal should be dismissed.

APPEAL DISMISSED.