Argued January 7, reversed and remanded January 24, 1974

AMERICAN NATIONAL RED CROSS ET AL,
*Appellants, v.* WILSON ET AL, *Respondents.*

518 P2d 629

*Denny Z. Zikes,* Portland, argued the cause for appellant The American National Red Cross. Richard E. Paul, Portland, argued the cause for appellant United States National Bank of Oregon. With them on the brief were McCarty & Swindells, Portland.

*William Hallmark,* Portland, argued the cause for respondents. On the brief were McMenamin, Jones, Joseph & Land, Portland, and Thomas P. Joseph, Jr., and J. Terrence Bittner, Portland.

TONGUE, J.

This is a suit for specific performance of a contract for mutual or reciprocal wills brought by the plaintiff as the residuary beneficiary of both wills. Plaintiff alleges that two sisters, Percy Angeline Watkins and Agnes E. Croft, made mutual or reciprocal wills on or about July 11, 1962, leaving their entire

estates to each and naming The American Red Cross as the sole residuary beneficiary in the event of the death of either of them. At the same time, according to the allegations of the complaint, both sisters agreed not to change their wills.

It is also alleged that on February 17, 1965, Agnes E. Croft became physically and mentally incapacitated and remained so until her death on December 22, 1971. Her will was admitted to probate and the United States National Bank of Oregon was appointed as the personal representative of her estate.

Meanwhile, on May 16, 1969, her sister, Percy Angeline Watkins, executed a new will by which she left nothing to Agnes E. Croft and the Red Cross, but left her entire estate to two nieces. She then died on December 20, 1971, two days before the death of her sister, and her will was admitted to probate, with J. R. Wilson appointed as personal representative of her estate.

The Red Cross then filed this suit for specific performance of the alleged agreement of the two sisters not to change their original wills. Defendants filed a demurrer to the complaint on two grounds: (1) that the Red Cross, as the residuary beneficiary, did not have the legal capacity to sue and (2) that the complaint did not state facts sufficient to constitute a cause of suit on which the Red Cross could recover. The trial court sustained the demurrer.

An amended complaint was then filed naming as plaintiffs both the Red Cross and the United States National Bank as personal representative of the estate of Agnes E. Croft. Defendants then filed a motion in the alternative: (1) to strike the entire complaint as

"sham and frivilous" or (2) to strike all references to the Red Cross. The trial court denied the first motion, but allowed the second motion. Both plaintiffs appeal from that order.

Most of the argument by both parties is directed to the question whether a residuary beneficiary under a reciprocal or mutual will has standing to bring a suit for specific performance of an agreement not to change such wills. Plaintiffs contend that the Red Cross is both the real party in interest under ORS 13.030 and a third party beneficiary of that agreement, and, as such, can bring such a suit.[1] Defendants, on the other hand, contend that at the time Percy Angeline Watkins died, Agnes E. Croft was the only party to be benefited, with the result that the Red Cross is not a third party beneficiary; and that the United States National Bank, as executor of the estate of Agnes E. Croft, rather than the Red Cross, is both the proper party to bring any such suit under ORS 13.030 and is also the real party in interest under that same statute for the purposes of such a suit.[2]

■ We need not decide that question in this case because of the alternative contention by the plaintiffs that, in any event, the Red Cross, as the residuary

---

[1] See Stevens v. Meyers, 91 Or 114, 147-48, 177 P 37, 2 ALR 1155 (1919); 1 Restatement of Contracts (1932) 158, § 135; and 11 Williston on Contracts (3d ed 1968) 741-49, § 1421. See also Schomp et al v. Brown et al, 215 Or 714, 719-20, 335 P2d 847, 337 P2d 358 (1959); Florey et al v. Meeker et al, 194 Or 257, 277, 240 P2d 1177 (1952); Taylor v. Wait, 140 Or 680, 684, 14 P2d 283 (1932); Phez Co. v. Salem Fruit Union et al, 113 Or 398, 419, 233 P 547 (1925); Note: Contracts, Third Party Beneficiaries—Donee's Rights in Oregon, 22 Or L Rev 297, 301, 304 (1943); and Annots., 2 ALR 1193 (1919); 33 ALR 739 (1924); and 73 ALR 1397 (1931).

[2] See James, Civil Procedure (1965) 397, § 9.8. See also Sparks, Contracts to Make Wills (1956) 152.

beneficiary of the surviving sister's will, and the United States National Bank, as executor of that will, are both proper parties in such a case and, as such, may be joined as plaintiffs in this case.

Oregon's permissive joinder statute, ORS 13.160, provides as follows:

"All persons having an interest in the subject of a suit, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided by statute. * * *"

We believe that the Red Cross had "an interest in the subject of [this] suit" within the meaning of ORS 13.160.[9] Defendants do not contend that they would be prejudiced by the joinder of the Red Cross as a party plaintiff, together with the bank, as executor. Accordingly, we hold that the trial court erred in allowing defendants' motion to strike all references to Red Cross in plaintiffs' amended complaint, so as to prevent it from being joined with the United States National Bank as a plaintiff in this case.

■■ Defendants also contend that an agreement not to change mutual and reciprocal wills is a contract which is "always revocable" and that the complaint fails to allege that this contract was still in effect at the time of the alleged breach. We believe, however, that this is implicit in the allegations of the amended complaint and that the resulting question of law and

---

[9] See Hotchkiss v. Ogle, 153 Kan 156, 109 P2d 134, 137 (1941), and Braden v. Neal, 132 Kan 387, 295 P 678, 680 (1931) (construing similar statute). See also 1 Page on Wills (Bowe-Parker, rev 1960) 547, § 10.49, and Sparks, Contracts to Make Wills (1956) 152. See generally, James, Civil Procedure (1965) 455, § 10.7; Clark, Code Pleading (2d ed 1947) 365-66, § 57; Annot., 43 ALR2d 938, 949-50 (1955).

fact is one which cannot be properly determined on demurrer to that complaint.

■ Defendants have also cross-appealed from the denial of their alternative motion that the entire amended complaint be stricken. In support of this cross-appeal defendants contend that "where a party cannot state a cause of suit, the action must be terminated. The action cannot be continued simply by adding another party who can state a cause of suit."

If this were an action at law which might otherwise be barred by the statute of limitations we might give consideration to such a contention. This is a suit in equity, however, and in the absence of any such problem in this case we do not believe that any useful purpose would be served by the dismissal of the amended complaint in this case, followed by the filing of a complaint in a new suit naming as plaintiffs both the Red Cross and the United States National Bank of Oregon. The Red Cross and the bank appear together on this appeal and are in apparent agreement in their desire to seek to enforce the alleged mutual will agreement. Accordingly, defendants' cross-appeal is denied and this case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.