No. 35,604

R. B. Christy, *Appellant,* v. E. E. Pember, *Appellee.*

(127 P. 2d 437)

Opinion filed July 11, 1942.

*A. S. Foulks,* of Ness City, argued the cause, and *Wm. Easton Hutchison, C. E. Vance* and *A. M. Fleming,* all of Garden City, were on the briefs for the appellant.

*Richard A. Floyd,* of Tribune, argued the cause, and *Ray McCombs,* of Ness City, was on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action on a promissory note, and from an adverse judgment the plaintiff appeals.

Under date of December 31, 1932, the defendant gave to the First National Bank in Ness City his note for $2,365. At a date not disclosed the bank was placed in charge of a conservator, but about February 1, 1934, it was placed in charge of a receiver, who on the following dates collected the following amounts: March 5, 1934, $5.97, September 21, 1935, $50, May 11, 1936, $611.03, and July 20, 1936, $525, the several payments being endorsed on the note. On August 26, 1937, the receiver sold and assigned the note and some other bank assets to the plaintiff, and at a later date an action on the note was commenced. The defendant filed an answer admitting execution of the note and that he had made the payments noted and alleging he was entitled to certain setoffs, the details of which are not now material. Upon trial a judgment was rendered in favor of the defendant, but upon a showing of newly discovered evidence, the plaintiff was given a new trial. Plaintiff filed an amended petition and defendant thereafter filed an answer which on motion to make definite and certain was amended, and as amended, admitted execution of the note and alleged it had been fully paid by the payment of

about $1,000 to the conservator of the bank in March, 1933, the balance being paid on or about August, 1934.

At the trial both parties produced evidence and the jury returned a general verdict in favor of the defendant and answered five questions. The first, second and fourth questions and answers were that defendant paid the amounts of $611.03, $525 and $50, mentioned above. The third question and answer was that in March, 1933, defendant paid the bank or its conservator to apply on the note the sum of about $1,000, and the fifth answer was that defendant had paid the note in full. Plaintiff filed his motions to set aside the above answers to special questions, for judgment *non obstante vere-dicto*, and for a new trial. These motions were all denied, and defendant was given judgment for his costs. Plaintiff then perfected his appeal.

In his brief appellant states the question involved is: "Are general verdict for defendant and specific findings consistent with each other and with the pleadings and proof?" Our attention is directed to claimed inconsistencies between the answer first filed, and that upon which the second trial was had, and to the fact that the proof as to the date and amount of payments does not agree with the allegation the note was paid in August of 1934. We do not think the claimed inconsistency between the two answers compels any reversal. Under G. S. 1935, 60-710, the defendant may set forth in his answer as many grounds of defense or setoff as he may have. If the matters alleged in the two answers had been in one, they would not have been inconsistent. Had the defendant proved payment, of course that would have been a complete defense, but had he there failed, he might still have a setoff. In any event, the first answer was received in evidence on the second trial, and the jury undoubtedly considered it in reaching its verdict.

Perhaps the substance of appellant's complaint is that defendant failed to prove the payment of $1,000 mentioned in answer to special question three. We are not concerned with evidence tending to show the payment was not made—only with that tending to sustain the answer. (*Smith v. Lockridge*, 145 Kan. 395, 65 P. 2d 345; *Johnson v. Soden*, 152 Kan. 284, 103 P. 2d 812; *Galamba v. Steinberger*, 153 Kan. 501, 504, 112 P. 2d 78.) Briefly stated, defendant's evidence showed that prior to March, 1933, he was indebted to the First National Bank on two notes of about $2,000 and $2,300; that in March, 1933, he was told by the bank it was in need of money and he paid

the conservator $3,000. After Christy bought the note and demanded payment defendant informed him that if Christy would get the bank's books he would try and show the note was "all squared up" and Christy said he couldn't furnish the records, "I had them burned." It may here be noted that one of plaintiff's witnesses, who had been assistant receiver of the bank, testified that just prior to the close of the receivership the books of the bank had been burned. The abstract does not show the testimony of any official of the bank that in any manner disputes the defendant's testimony with reference to his two notes and the claimed payment.

As to the other payments, defendant testified he kept no records, and that some of his payments were made by endorsement of wheat checks payable to him. That the payments credited on the note were made is not disputed—they were endorsed on the note when plaintiff acquired it and he was not in a position to dispute them.

Essentially all that the appeal presents is a question of fact. The answers to the special questions are consistent with the general verdict, and are consistent with and supported by the evidence. The verdict and findings have received the approval of the trial court, and under repeated decisions, are conclusive on appeal.

The judgment of the trial court is affirmed.