No. 37,121
No. 37,132

L. C. Kennedy, *Appellant*, v. Lura Monroe and Lynne C. Monroe, *Appellees* and *Cross-appellants*, and Catherine Monroe Straus, June Sheridan Monroe et al., *Appellees*.

(193 P. 2d 220)

Opinion filed May 8, 1948.

*W. W. Kennedy*, of Pittsburg, argued the cause for appellant L. C. Kennedy; *R. L. Letton*, of Pittsburg, argued the cause, and *P. E. Nulton*, of Pittsburg, was with him on the briefs for appellants Lura Monroe and Lynne C. Monroe.

*Ben W. Weir*, of Pittsburg, argued the cause, and *H. Gordon Angwin*, of Pittsburg, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to partition a forty-acre tract of land. Judgment was entered partitioning it. The plaintiff and two of the defendants have appealed. These appeals were consolidated in this court.

A designation of the parties at the outset will be helpful. In July, 1920, Frank F. Monroe took title to the tract in his own name.

Before the final judgment was entered he died. He and his wife, Anna, had two sons, E. L. Monroe and C. B. Monroe. Defendant Lura Monroe is the widow, and defendant Lynne C. Monroe the son and the only child of E. L. Monroe, who is dead. Defendants Catherine Monroe Straus and June Sheridan Monroe are granddaughters of Frank F. Monroe. The dispute in this case arises between L. C. Kennedy, the plaintiff, and Lura Monroe and Lynne C. Monroe on one side and Catherine Monroe Straus and June Sheridan Monroe on the other on account of some conveyances executed by Frank F. Monroe during his lifetime. These will be noted now.

In July, 1923, Frank conveyed by warranty deed to his wife Anna an undivided one-half interest in the land in question, title to which had stood solely in his name up to that time. This conveyance was recorded and pursuant to it Anna and Frank were the tenants in common of the tract, each owned an undivided one-half interest in the tract. Parenthetically it should be stated they lived upon it. Anna died intestate in December, 1926. Her sole heirs at law were her husband, Frank, and the two sons, E. L. and C. B. At her death Frank inherited one-half of her undivided one-half interest in the tract, and the two sons inherited one-half of her undivided half interest or each an undivided one-eighth. Thus Frank owned twelve-sixteenths and the sons each two-sixteenths. There is no dispute either of fact or law thus far although there is a dispute about whether Frank knew or understood what his exact interest was. At any rate, he, in May, 1930, made to the two sons a conveyance of an interest in the tract, which later caused this lawsuit. That conveyance was a quitclaim deed. He described the interest conveyed as follows:

"All of the one-half interest in and to the Southwest Quarter of the Southwest Quarter of Section Thirty (30), in Township Thirty (30) South of the Base Line, Range Twenty-five (25), East of the Sixth Principal Meridian, as shown by the Government Survey thereof;

"This Deed is made specially to carry out the will and wish of Anna C. Monroe, former wife of this grantor, that these grantees should have and own an undivided one-half interest in this forty acres of land."

It will be noted in the first paragraph of the description he stated he was conveying a "one-half interest." In the second paragraph he stated his purpose in making the conveyance was that the two sons should own an undivided one-half interest in the tract. Since each already owned an undivided two-sixteenths interest it was only necessary in order to carry out his announced intention for

Frank to convey to them an undivided one-fourth interest, which would be a two-sixteenths interest to each, making each one own four-sixteenths. This would have left Frank with eight-sixteenths or an undivided one-half interest, just what he had before the death of his wife. Under that view he was really conveying to the sons the interest he had inherited from their mother. On the other hand, if the description used in the first paragraph be construed to be the true one then each of the boys received four-sixteenths by that conveyance, giving them each six-sixteenths and leaving Frank with only four-sixteenths.

At any rate, E. L. Monroe died in 1942 leaving as his only heirs Lura, his wife, and Lynne C., his son, both defendants in this action. Under one view they each inherited from E. L. two-sixteenths. Under the other view three-sixteenths.

In April, 1943, C. B. Monroe and his wife executed a warranty deed to L. C. Kennedy, in which they did not refer to any fractional interest but instead described the interest conveyed as "all our right, title, interest and estate." Under one view of this conveyance Kennedy took a four-sixteenths interest, under the other six-sixteenths, depending on how the conveyance from Frank F. Monroe to his sons be construed. In August, 1942, Frank Monroe by a quitclaim deed conveyed to his granddaughters, Catherine Monroe Straus and June Sheridan Monroe, an interest in the tract, which was described in the deed as "all of my undivided one-half interest in." Under one view Catherine and June each took four-sixteenths. Under the other two-sixteenths. The interests taken by all these people depends on what interest E. L. and C. B. Monroe took by the deed of May, 1930, from their father. There is no dispute about these facts. They were all stipulated.

In its judgment the trial court held the second paragraph of the description to be the correct one and gave L. C. Kennedy four-sixteenths; Catherine Monroe Straus, four-sixteenths; June Sheridan Monroe, four-sixteenths; Lura Monroe, two-sixteenths; and Lynne Monroe, two-sixteenths.

Kennedy and Lura and Lynne have appealed. Kennedy claims he should have had six-sixteenths and Lura and Lynne each claim they should have had three-sixteenths.

Now as to the pleadings. Kennedy filed the petition and said he owned six-sixteenths; Lura Monroe and Lynne C. Monroe, three-sixteenths each; and Catherine and June, two-sixteenths each. Lura

and Lynne answered admitting generally the allegations of the petition.

Frank Monroe answered admitting most of the allegations of the petition but setting out the conveyance as we have already described, claiming a life estate in the property, and stating that at the time of the conveyance to E. L. and C. B. Monroe he was of the mistaken notion that title to all the interest in the tract vested in him at the death of his wife and by that conveyance he only wished to convey to them enough of an interest so that they would together have as much of an interest as their mother had at her death. He prayed for a judgment giving him a life estate.

Catherine Monroe Straus filed an answer in which she admitted many allegations of the petition. As to the conveyance of Frank Monroe of May, 1930, to E. L. and C. B. Monroe she alleged as follows:

"That after the death of the said Anna C. Monroe, the said Frank F. Monroe, being mistaken as to the law of descent and distribution and believing that after the death of his wife all of the title to said property was vested in him, and desiring to carry out the wishes of his deceased wife that their two children, E. L. Monroe and C. B. Monroe, own an undivided one-half interest in said property, did on the 22nd day of May, 1930, execute a Warranty Deed to an undivided one-half interest in said property to his two sons, E. L. Monroe and C. B. Monroe, and stated in said Deed, 'This deed is made specially to carry out the will and wish of Anna C. Monroe, former wife of this grantor, that these grantees should have and own an undivided one-half interest in this forty acres of land.'"

She also alleged the deed to her and June. She prayed that she be adjudged to be the owner of one-fourth interest in the tract or four-sixteenths. June Sheridan Monroe filed an answer to the same general effect. Kennedy filed a motion to require Monroe to make his answer more definite and certain, and to strike certain portions. This was sustained in part and overruled in part but in view of what happened later in the action we need not discuss that further.

Kennedy also filed a motion to compel Catherine Monroe Straus to make her answer more definite and certain and to strike portions of it.

We are interested only in the part of this motion which was sustained.

In paragraph 3 Kennedy had asked to have stricken from the answer the following:

". . . being mistaken as to the law of descent and distribution and believing that after the death of his wife all of the title to said property was vested in him, and desiring to carry out the wishes of his deceased wife that their two children, E. L. Monroe and C. B. Monroe, own an undivided one-half interest in said property."

That paragraph of the motion was sustained.

In paragraph 7 Kennedy had asked that the defendant be required to state whether or not the agreement spoken of in the answer was oral or in writing and if it was in writing that a copy of the writing be attached. This paragraph of the motion was sustained.

The same motion was directed at the answer of June Sheridan Monroe. The same ruling was made by the court.

Catherine filed an amended answer to conform with the order of the court in which she made an allegation, as follows:

". . . the said Frank F. Monroe did, on the 22nd day of May, 1930, execute a Warranty Deed to an undivided one-half interest in said property to his two sons, E. L. Monroe and C. B. Monroe, and stated in said Deed, 'This deed is made specially to carry out the will and wish of Anna C. Monroe, a former wife of this grantor, that these grantees should have and own an undivided one-half interest in this forty acres of land.'"

June filed an amended answer of the same general nature.

Kennedy and Lura Monroe and Lynne Monroe all filed demurrers to the answers of Catherine and June on the ground that each disclosed upon its face that the defenses attempted to be asserted were barred by the statute of limitations and did not state facts sufficient to constitute a defense to the petition. Lura and Lynne demurred, also on the ground that the answer did not state facts sufficient to constitute a cause of action for reformation of a written instrument or a defense to plaintiff's cause of action.

All these demurrers were overruled.

The plaintiff Kennedy and Lura Monroe and Lynne Monroe all filed motions for judgment on the pleadings.

These motions were all overruled.

As has been stated, the facts were all stipulated and have been heretofore set out in this petition. The claims of the different parties have also been set out.

The appellants argue first that their demurrers should have been sustained. They point out first the description in the deed from Frank F. Monroe to E. L. Monroe and C. B. Monroe under date of May 22, 1930, and argue that since appellees claimed the deed conveyed only a one-fourth interest they had two remedies or theories

of defense available and that these two defenses were, first, that the language used was a mistake and did not express the intention of the parties, in which case the court should reform the deed, or that the language was ambiguous and should be construed to mean that the grantor only intended to convey an undivided one-fourth interest.

In support of this argument appellants cite and rely on opinions where we have held that once a party makes an election as to a remedy he is bound by his election. These opinions are not in point here. In the first place, a defendant may set out more than one defense in his answer. (See G. S. 1935, 60-710.) This section provides:

"The defendant may set forth in his answer as many grounds of defense, counterclaims setoff and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

Furthermore, should the answers be construed as appellant argues they should be, there is nothing inconsistent in the position taken by appellees in them. Under such circumstances as many different defenses as he sees fit may be pleaded. (See *Christy v. Pember,* 155 Kan. 665, 127 P. 2d 437; also, *Light Co. v. Waller,* 65 Kan. 514, 70 Pac. 365; *Disney v. Jewelry Co.,* 76 Kan. 145, 90 Pac. 782; and *Brownlee v. Bliesner,* 120 Kan. 145, 242 Pac. 453.)

The above authorities would dispose of appellant's argument if it should be held that appellees actually pleaded two different theories. The fact is they did not do so. The reasonable construction of their amended answer is that they asked the trial court to construe the somewhat ambiguous language in the deed in question. The appellees made the statement in open court they were asking only for construction of this language. A reasonable interpretation of the allegations of these answers would lead to no other conclusion. As amended, their answers never did ask for a reformation. The language of the deed was ambiguous. Standing alone the first paragraph of the description apparently was intended to describe an undivided one-half interest. The second paragraph states it to be the intention of the grantor that only enough interest should pass so that the two grantees should have an undivided one-half. Since they already owned an undivided one-fourth by inheritance then all it would be necessary to convey in this deed would be an undivided one-fourth.

In construing a deed courts should consider the instrument as a whole.

In *Epperson v. Bennett*, 161 Kan. 298, 167 P. 2d 606, we held:

"DEEDS—*Construction and Effect—Intent of Grantor.* The rules followed: (1) that deeds as well as wills are to be construed in accord with the intent and purpose of the grantor after examination of the entire instrument under consideration. . . ." (Syl. ¶ 1.)

The trial court considered all the surrounding facts and circumstances, that is, the age of the grantor, the family relationship of the parties, that the grantor had conveyed a half interest to his wife during her lifetime. A reasonable inference to be drawn from these facts and circumstances is that the grantor did not wish to take any interest in this tract by inheritance from his wife but wanted their sons to have all her interest. One circumstance that points strongly to this conclusion is the fact that in 1942 when he made the conveyance to appellees he described the interest conveyed as "all, my undivided one-half interest."

See, also, *Bennett v. Humphreys,* 159 Kan. 416, 155 P. 2d 431, where we held:

"Where the instrument itself is ambiguous as to the intention of the grantor, the surrounding facts and circumstances, attendant upon execution of a deed, may be considered in determining the intention." ` (Syl. ¶ 2.)

Once we hold that the answers of the appellees asked the court to construe the deed rather than to reform it the argument of appellants that the statute of limitations began to run in 1930 when the deed to the two sons was given loses its force.

Appellants next argue that appellees were estopped from asserting any defense inconsistent with their original defense of mistake and reformation and hence their motion for judgment on the pleadings should have been sustained. We have already dealt with that argument. The appellees as the issues were finally made did not ask for reformation. They simply asked to have an ambiguous deed construed. There was never any inconsistency in their positions.

Appellants next argue that paragraphs 9, 14, 15 and 16 of the stipulation of facts should not have been considered by the trial court. The stipulation was entered into by the parties with the understanding that either party could introduce evidence at the trial if he wished, and either party could object to any paragraph of the stipulation on the ground it was incompetent or irrelevant. The paragraphs of the stipulation appellants argue should not have been considered by the court are the ones which state Monroe was seventy-four years old when he executed the conveyance to his two

sons and owned no other real estate; that no money was paid him for the conveyance but they were valid, voluntary gifts; that the parents of the appellees had separated when the girls were quite young and they had spent a number of their vacations on the tract in question; one of them had furnished him money for his support in his declining years; and none of the parties lived with Monroe on the tract at the time of any of the conveyances. When the stipulation was submitted at the trial no other evidence was offered. Appellants objected to the above paragraphs being considered. The objection was overruled. Appellants argue such ruling was error. Appellants did not file a motion for a new trial. Ordinarily a party cannot raise trial errors on appeal unless he submitted them to the trial court in a motion for a new trial. (See *McKinney v. Sackett,* 144 Kan. 290, 58 P. 2d 1121; also, *Brown v. Brown,* 146 Kan. 7, 68 P. 2d 1105.)

Even though it should be held that this trial error could be raised here for the first time we would still hold the evidence was competent. It was all part of the facts and circumstances surrounding the execution of the conveyance and should have been considered by the trial court. (See *Bennett v. Humphreys,* supra; also, *Dyal v. Brunt,* 155 Kan. 141, 123 P. 2d 307; and *Epperson v. Bennett,* supra.)

Appellants next argue that the conveyance is not ambiguous and actually conveyed an undivided one-half interest in the tract. By this argument appellants ask us to ignore the second paragraph of the description and to be guided wholly by the first paragraph. To do this would be to refuse to consider all parts of the instrument, as we are bound to do. (See *Bennett v. Humphreys,* supra.) There we held:

"In the construction of deeds, as well as of wills, the intention of the grantor, as gathered from an examination of the instrument as a whole, is the cardinal consideration." (Syl. ¶ 1.)

See, also, *Dyson v. Bux,* 84 Kan. 596, 114 Pac. 1092; also, *Howe v. Howe,* 94 Kan. 67, 145 Pac. 873; 18 C. J. 260, 26 C. J. S. 344; and 16 Am. Jur. 532. Here the only reasonable inference to be drawn from all the surrounding facts and circumstances is that Monroe intended by the conveyance to his sons to convey to them a sufficient interest so they would own the interest their mother owned before her death. There is no evidence to any other effect.

The judgment of the trial court in both appeals is affirmed.