No. 38,712

Jo Ann Davis and Betty E. Robertson, *Appellants*, v. Emery O. Vermillion and Mary M. Vermillion, *Appellees.*

(249 P. 2d 625)

Opinion filed November 8, 1952.

<em>Philip H. Lewis</em>, of Topeka, argued the cause, and <em>Thomas M. Lillard, O. B. Eidson, James W. Porter</em>, all of Topeka, and <em>Richard W. Shaw</em>, of Hiawatha, were with him on the briefs for the appellants.

<em>L. E. Helvern</em>, of Hiawatha, argued the cause, and <em>W. L. Stevenson</em>, of Hiawatha, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was an action for partition of real estate. The essential element in the case is the construction of a deed through which the appellants and appellees claim title.

After hearing the evidence the trial court denied appellants any interest in the land and held that the same was not subject to partition. This case was tried in the lower court upon documentary evidence and an agreed statement of facts. No oral evidence was presented. Under such circumstances, this court can and should decide for itself what the facts establish, substantially as it would in an original case. (*In re Estate of Kemper*, 157 Kan. 727, 734, 145 P. 2d 103, and cases therein cited.)

The facts may be stated as follows: On August 14, 1909, John G. Howard and Ann E. Howard, his wife, made, executed and delivered

their general warranty deed to certain real estate, the pertinent part of which reads as follows:

". . . This indenture, made this 14th day of August A. D. 1909 between John G. Howard and Ann E. Howard, his wife, . . . of the first part, and Elmira J. Vermillion, . . . of the second part,

"Witnesseth, That said parties of the first part, in consideration of the sum of one dollar and natural love and affection . . . the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell and convey unto said party of the second part, *her heirs and assigns*, all the following described Real Estate, . . .

"To HAVE AND To HOLD THE SAME, during the period of her natural life and at her death *to her children or their issue*, forever, but if at the death of the said Elmira J. Vermillion she leaves no issue surviving her, the title to the said described real estate shall revert to and vest in the heirs of the said grantor, JOHN G. HOWARD.

". . . and that they will WARRANT AND FOREVER DEFEND, the same unto said party of the second part, *her heirs* and assigns, against said parties of the first part, their heirs and all and every person or persons whomsoever, lawfully claiming or to claim the same.

"IN WITNESS WHEREOF, . . ." (Emphasis supplied.)

At the time of this conveyance the grantee, Elmira J. Vermillion had one child, Emery O. Vermillion, appellee herein, then eight years of age. She had no other children before or after the execution of the deed. During Elmira's lifetime, her son Emery grew into manhood and entered into three separate marriages. The appellants, Jo Ann Davis and Betty E. Robertson are his daughters by two former marriages. They are his only children. These three parties, Emery O. Vermillion, Jo Ann Davis and Betty E. Robertson are the sole lineal descendants of Elmira J. Vermillion, and were all living at the time of her death on January 5, 1950. Seven days after Elmira's death, her son Emery and his present wife, Mary M. Vermillion, purported to convey the entire real estate to a third party, and on the following day, the third party and his spouse conveyed back the same real estate to Emery O. Vermillion and Mary M. Vermillion in joint tenancy. Subsequently, appellants Jo Ann Davis and Betty E. Robertson filed this action in partition to establish their proportionate ownership in the real estate and for partition, the appellees Emery O. Vermillion and his wife Mary resisting the petition and asserting full ownership to the land under the terms of the deed hereinbefore set forth.

Appellants contend that the trial court placed undue emphasis upon the word "or" contained in the habendum clause and disre-

garded the implications arising from the use of the term "issue" and, in substance, contend that the word "or" should be read as "and."

All parties direct attention to the authorities treating rules of law for the construction of deeds. In a summary way it may be stated that if the intention of the grantors is clear, there is of course no occasion for employing rules of judicial construction. A rule for the construction of deeds as well as wills, to which all other rules are subordinate, is that the intention of the grantors as garnered from all parts of the deed is to be given effect, and that doubtful or inaccurate expressions in a deed shall not override the obvious intention of the grantors. In construing a deed, the court puts itself as nearly as possible in the situation of the grantors when they made the deed and, from a consideration of that situation and from the language used in each part of the deed, determine as best it can the purpose of the grantors and the intentions they endeavored to convey. (*Lawrence National Bank v. Shirk*, 173 Kan. 76, 80, 244 P. 2d 179, 182, and cases therein cited; *Bennett v. Humphreys*, 159 Kan. 416, 419, 155 P. 2d 431.)

In view of the mentioned rule, we are of the opinion that the provisions contained in the deed clearly set forth the intention of the grantors and that there is no occasion for employing rules of judicial construction. The deed makes it clear that the grantors conveyed to Elmira a life estate in the property with a vested remainder in her children, if living at the time of her death, and if any of them be dead, then to the issue of any of them that might be dead, and if she leaves no child or children, or the issue of any child or children surviving her, then the real estate shall vest in the heirs at law of the grantors.

We think it is crystal clear that the use of the word "or" in the phrase "to her children or their issue" considered with the other language in the instrument is to be interpreted in no other sense than in its ordinary meaning as a disjunctive word. The general rule is well stated in 67 C. J. S. (Or) 518:

". . . the ordinary interpretation given to the word 'or' is not as a conjunctive; its accurate use is not as a conjunctive and it never means 'and' unless the context requires such construction. Therefore, unless otherwise necessitated, as by some impelling reason apparent in the context, it should be interpreted in its ordinary or elementary sense, and given its disjunctive meaning, as gathered from the context and the surrounding circumstances, rather than a conjunctive meaning. The courts interpret the word 'or' as a conjunctive only when the sense absolutely requires; it should be construed as 'and' only

when necessary to give effect to the intention, and the substitution should not be made where such construction would be inconsistent with the intent as shown by the whole context and the circumstances or unless its literal meaning renders the sense dubious." (Likewise see 16 Am. Jur. 580, Deeds, § 247.)

While courts have construed "or" for "and" and vice versa where such construction was necessary to carry out the manifest intention of the parties, such construction has never been resorted to for the purpose of supplying an intention not otherwise appearing. The great mass of words even of illiterate persons, are used correctly. The lapses are only occasional, or the language would cease to serve the purposes of communication. There is accordingly a presumption that when the word "or" was used in the habendum clause of the deed, the grantor intended and meant it to express its proper, ordinary meaning as a disjunctive to indicate substitution, and that he did not intend to use the word "and" which possesses a different signification.

The language is just as intelligible with the one as it is with the other, and it therefore follows that there is no justification for a substitution of the word "and" for the word "or."

In view of what has been said, we can see no reason why the word in the instant case should be given any connotation different than its ordinary usage implies. There is nothing here that raises a doubt that the word "or" should not be given its ordinary disjunctive meaning as a word of substitution in the aforementioned deed. We must adhere to the terms of the deed as clearly expressed therein.

It, therefore, follows that upon the death of Elmira J. Vermillion, her only child Emery was vested with a fee simple title to the real estate described in the deed, and appellants have no right, title or interest therein.

The judgment of the lower court is affirmed.