No. 39,901

BEN A. BRUNGARDT, *Appellant*, v. MARY SMITH, et al., Defendants, F. H. KOELLING, JR., and THELMA KOELLING, his wife; E. A. RUGGELS and LUCILLE RUGGELS, his wife; D. T. BROUN, JR., and WINIFRED BROUN, his wife; STANLEY MARR and ——— MARR, his wife, *Appellees*.

(290 P. 2d 1039)

Opinion filed December 10, 1955.

W. *McCaslin*, of Stockton, was on the briefs for the appellant.

*D. A. Hindman*, and *Stanley Krysl*, both of Stockton, were on the briefs for appellees.

The opinion of the court was delivered by

THIELE, J.: On May 28, 1952, the plaintiff commenced an action to quiet his title to described real estate. On January 14, 1955, the trial court quieted his title except as to mineral rights the title to which were quieted in certain of the defendants. The plaintiff has appealed to this court. Hereafter the parties will be referred to as plaintiff or defendants, or by their surnames.

As the judgment was rendered on the defendants' motion for judgment on the pleadings and opening statement, the pleadings must be reviewed. In his petition filed May 28, 1952, the plaintiff alleged he was the owner and in possession of a described tract of land and that the defendants claimed some right, title and interest of which he did not know the nature and adverse to his title and possession, but that whatever claims the defendants made were void and without right and a cloud on his title and that his action was for the purpose of determining such adverse claims and he prayed that his title be quieted.

On April 13, 1953, the defendants, Broun, Koelling and Ruggels, hereafter referred to as the defendants, filed an amended answer and cross petition containing a general denial and alleging as a

first cause of action that prior to January 14, 1942, Mary Smith owned all of the land subject to certain oil and gas leases and mineral conveyances then of record and owned by persons not parties to the action, portions of which were contained in conveyances of various dates from December, 1935, to March, 1936, and running for a primary term of fifteen years, and other portions of which were contained in conveyances dated October 12, 1936, for a primary term of twenty years and another portion of which was for a primary term of fifteen years from October 6, 1937; that on January 12, 1942, Mary Smith conveyed to Ruggels 9/160ths of the mineral rights for a primary term of fifteen years and as long thereafter as oil or gas was produced from the premises. We need not note subsequent conveyances of Ruggels' interest leading to the pleaded statement that Broun, Koelling and Ruggels owned this interest in stated proportions. For a second cause of action the defendants incorporated the allegations of their first cause of action and alleged that shortly prior to January 14, 1942, Mary Smith orally agreed to sell the land to plaintiff with the express understanding and agreement that only an undivided 1/16th of the mineral interests was to be conveyed and that 15/16ths were to be reserved or excepted, and that on said date Mary Smith had orally agreed to sell all of the reversionary rights in the mineral rights to a named corporation and to Ruggels and Koelling who had paid Smith the consideration therefor prior to the execution of her deed to plaintiff; that on January 14, 1942, Smith executed a deed to plaintiff recorded January 17, 1942, containing an exception which is later quoted. A copy of this deed was attached to the answer and is later mentioned. It was further alleged that the deed was not prepared by one skilled in preparing conveyances, and that through mistake or lack of skill on the part of the scrivener of the deed the exceptions were placed in the warranty clause instead of the granting clause, and that, under the circumstances, they should be construed to constitute an exception or reservation from the grant of 15/16ths of the mineral interests. It was further alleged that by deed made on February 23, 1942, and recorded November 2, 1942, Smith conveyed the reversionary or fee interest in the 15/16ths interest in the minerals to a corporation, the deed stating at some length that the intention was to convey the interest retained and reserved in Smith's deed to Brungardt. The corporation's interest later vested in defendants; that plaintiff had knowledge of the conveyance of the mineral in-

terests for about ten years and made no protest; that defendants relied upon the legality of the deed and the acquiescence of the plaintiff and plaintiff is now estopped and barred by laches from asserting any rights to the mineral interests conveyed; that the bases for defendants' claim and estoppel were: 1. Smith was dead and her evidence was not available; 2. By reason of plaintiff's apparent acquiescence, defendants were lulled into the belief he recognized their interest and that reformation of the deed was unnecessary and no action was commenced; 3. That by reason of oil development the price of mineral interests had increased and defendants cannot now procure similar interests without paying a substantially greater price; and 4. Due to lapse of time evidence has been lost or become unavailable. It was finally alleged that defendants had acquired the title to the mineral interests conveyed to the above mentioned corporation and that Broun, Ruggels and Koelling owned the same in stated proportions. They prayed that they be decreed the owners of 9/160ths of the mineral rights for a term of fifteen years from January 12, 1942, and as long as oil or gas is produced, and the owners of the fee or reversionary interest in the 15/16ths of the mineral interests.

On April 25, 1953, the plaintiff replied with a general denial and an admission that Smith owned the real estate subject to oil and gas leases and stated mineral conveyances of record on the date of the deed to him; that no production had been had; that the primary terms of the mineral conveyances had expired and the mineral rights had reverted and were now owned by plaintiff. Plaintiff also admitted the conveyance of January 12, 1942, by Smith to Ruggels of the 9/160ths of the mineral rights for a primary term of fifteen years, and that he had purchased the land subject thereto, and alleged that upon the expiration of the primary term or any extension thereof, the mineral rights would revert to the real estate and become his property free and clear of the claims of the defendants. Plaintiff also admitted Smith had made the deed of January 14, 1942, to him and that a true copy was attached to the defendants' answer, that such deed was in all respects in accordance with an oral contract of sale between the parties to the deed, and he denied there was any agreement that 15/16ths of the mineral interests were to be reserved. He prayed for judgment in accordance with the prayer of his original petition ". . . except as to the 9/160ths term mineral interest . . ." held by the defend-

ants; that the deed from Smith to the corporation dated February 23, 1942, recorded November 2, 1942, and all subsequent conveyances of the interest purportedly conveyed be adjudged to be null and void and of no effect and that he have such other relief as the court deem proper.

On May 16, 1953, the defendants filed an amendment to their amended answer and cross petition, alleging as an additional defense that if the court should fail to find the 15/16ths of the mineral interests were not conveyed, it should find plaintiff holds the mineral interests in trust for defendants as he had never denied or disputed their rights or repudiated the trust until the filing of this action and had acquiesced by failing to attack the deed of Smith to the corporation of February 23, 1942, recorded November 2, 1942. As an alternative defense, defendants alleged that if the court failed to find the mineral interests were reserved by Smith or that plaintiff held title to the same in trust for defendants, that the deed from Smith to the plaintiff should be reformed to so provide.

On May 16, 1953, plaintiff filed a reply denying generally all allegations not admitted in pleadings theretofore filed by him and on April 14, 1954, he filed an amended reply, the new portion of which was to allege that defendants' right to reformation was barred by the statute of limitations and particularly by G. S. 1949, 60-306, *Sixth*.

The deed from Mary Smith and husband as parties of the first part to Ben A. Brungardt as party of the second part, dated January 14, 1942, heretofore mentioned, is a standard form of warranty deed. Its terms may be summarized. In consideration of ". . . One Dollar and other valued considerations . . ." first parties granted and conveyed to second party lands described according to the U. S. Government survey, no exceptions or reservations being made in the granting clause, "TO HAVE AND TO HOLD THE SAME, Together with all and singular the tenements, hereditaments and appurtenances belonging or in anywise appertaining forever." There is no exception or reservation in this habendum clause. Under the next paragraph the grantors covenant and agree with party of the second part that they are lawfully seized of an absolute and indefeasible estate of inheritance in fee simple in the granted premises free and clear of any from all former and other grants and encumbrances of what nature and kind soever ". . . except an oil & gas lease dated January 10th 1942, to F. H. Koelling, Jr., and

excepting seven hundred fifty (750) acres of royalty commonly known as 15/16ths royalty or mineral interest, and that they will WARRANT AND FOREVER DEFEND the same unto said party of the second part . . ." At the trial both plaintiff and defendants made opening statements at the conclusion of which plaintiff filed a motion for judgment on the opening statement for the reason the pleadings and defendants' opening statement failed to show any defense except as to the outstanding term royalty (mineral) interests, and the defendants filed a similar motion for the reason the pleadings and plaintiff's opening statement established that defendants' contentions were correct. It is unnecessary to set out at length the opening statement and the facts stated. Generally they followed the allegations of the pleadings, the execution and existence of mineral conveyances and the warranty deed from Smith to plaintiff being admitted. Neither statement contained any admission which would preclude recovery by the party making it.

In ruling on the motions for judgment the trial court made an oral statement which is preserved in the record as abstracted. The substance of the statement was that the only question involved was whether the habendum clause (?), limiting the amount of the estate conveyed controlled over the granting clause (of the Smith deed to plaintiff); that it could not hear any evidence as to reformation of the deed for two reasons: 1. The statute of limitations had run; and 2. The instrument needed no reformation. It later said the instrument was unambiguous. It then discussed clauses in a deed, said that the habendum clause was controlling; that the exception was a part of the habendum clause, and that rule of law took care of the matter. After directing attention to the "four corners rule" the court made further comment and said that under the facts it found evidence was not admissible for reformation; that where the provision was not ambiguous, under the rule the habendum clause is controlling when not inconsistent with the granting clause and where the habendum clause makes restrictions or reservations following the granting clause, it had no choice except to render judgment on the pleadings for the defendants.

The journal entry of judgment states the court found that the plaintiff's motion for judgment should be overruled and that the defendants' motion for judgment should be sustained, and that it adjudged that the title of defendants Broun, Koelling and Ruggels in stated shares was quieted to 9/160ths of the minerals under the

real estate for fifteen years from January 12, 1942, and as long thereafter as oil and gas is produced; that the title of those three defendants in stated shares was quieted as to 743¾/800ths of the minerals under the land, and that the title of the plaintiff was quieted except as to the defendants' interests as above set forth.

Plaintiff filed a motion for a new trial which was denied and in due time after the judgment was rendered he appealed from the judgment and the rulings on the motion for judgment and on the motion for a new trial.

It has been noted that the cause was submitted for decision upon the motions of the parties plaintiff and defendants for judgment on the pleadings and opening statements. We need not discuss just what facts either party admitted by his or their motions. It is clear that each admits that as to the involved real estate, there was in existence prior to January 14, 1942, an oil and gas lease to Koelling and a number of conveyances of mineral interests all of which covered a 15/16th of such minerals, and that on the above mentioned date Smith made the warranty deed to plaintiff which is the basis of his claim of ownership, and that this deed was recorded January 17, 1942. There is no dispute but that the term of the grant of mineral interests to Ruggels on January 12, 1942, has not expired and that the primary term of at least a part of other mineral term agreements had not expired. It is further admitted that later and on February 23, 1942, Smith made a conveyance of her claimed reserved 15/16ths of the minerals to defendants' predecessors in title, that deed being recorded November 2, 1942, and being the basis of defendants' claim to that interest.

The determining question in the case was the construction of the written instrument, the deed from Smith to plaintiff Brungardt, and, regardless of the construction made by the trial court, the question may be determined by this court. See *Palmer v. Johnson*, 132 Kan. 161, 294 Pac. 874; *Hollenbeck v. Lyon*, 142 Kan. 352, 47 P. 2d 63; and *City of Wichita v. Boles*, 156 Kan. 619, 135 P. 2d 542, and cases cited.

· Before taking up the question of construction of the deed from Smith to Brungardt, we note that in its oral remarks the trial court stated that reformation of that deed sought by the defendants was barred by the statute of limitations. Although the journal entry of judgment is silent thereon, and although defendants have not

appealed from the decision, if it be considered such, we agree with the view expressed. The trial court further stated the deed needed no reformation and that is true if the deed be unambiguous, a matter later discussed.

With reference to defendants' pleading as to oral understandings and agreements leading up to the execution of the deed, it may be noted that the presumption is that all previous agreements of the parties were merged in the deed (*Hudson v. Riley,* 104 Kan. 534, 180 Pac. 198; *Palmer v. The Land & Power Co.,* 172 Kan. 231, 239 P. 2d 960), and that as to such previous agreements evidence is not admissible where the deed is unambiguous, where there is no claim of fraud or its equivalent, and where it is disclosed that the deed was prepared by the grantor (*Colt Co. v. Kocher,* 123 Kan. 286, 255 Pac. 48).

Coming now to the construction of the deed we note that considerable space is devoted in the briefs to the general proposition that the meaning and intent is to be derived from the four corners of the instrument, or, in other words from a consideration of all its parts. That such is the rule is not to be debated. See *e. g., Howe v. Howe,* 94 Kan. 67, 145 Pac. 873; *Epperson v. Bennett,* 161 Kan. 298, 167 P. 2d 606; *Kennedy v. Monroe,* 165 Kan. 168, 193 P. 2d 220; *In re Estate of Kruckenberg,* 171 Kan. 450, 233 P. 2d 472; and *Davis v. Vermillion,* 173 Kan. 508, 249 P. 2d 625. Some space is also devoted to authorities and decisions to the effect the habendum clause of a deed controls the granting clause, and to others treating the weight to be given the habendum clause as against later exceptions in the deed. This court long since held that the ancient rule that the habendum clause controls has lost much of its former force and the deed should be construed by considering all of its language with a view to ascertaining the intent of the grantor. See *Dyson v. Bux,* 84 Kan. 596, 114 Pac. 1092.

It is also settled that if the terms of the deed are clear and unambiguous, resort to rules of construction applicable to instruments which are not clear as to meaning, is not had, and that ambiguity in a conveyance does not appear until application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which of two or more meanings is the proper meaning. See *Miller v. Miller,* 91 Kan. 1, 136 Pac. 953; *Roxana Petroleum Corp. v. Jarvis,* 127 Kan. 365, 273 Pac. 661; *Morgan v. Wheeler,* 150 Kan. 667, 95 P. 2d 320; *Bennett v. Humphreys,* 159 Kan. 416, 155

P. 2d 431; *Davis v. Vermillion,* supra; *Sporn v. Overholt,* 175 Kan. 197, 262 P. 2d 828; and *Klema v. Soukup,* 175 Kan. 775, 267 P. 2d 501.

We also bear in mind the provisions of our statute that "every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant." (G. S. 1949, 67-202.)

In its oral remarks when ruling on the motions for judgment, the trial court referred to the deed as containing a granting clause and a habendum clause the exception in question being contained in the latter clause, and its judgment was based primarily on an application of the rule the habendum clause controlled the granting clause. We think the analysis of the deed so made was inaccurate. We have previously summarized the deed and quoted the exceptions contained in it. The deed contains a granting clause, a habendum clause and a clause of covenant and warranty, the exceptions being included in the last clause. The granting clause conveys full and complete title to the described real estate, without reservation or exception of any kind, and the habendum clause contains no limitation of any kind on the granting clause and there is no room for application of the rule stated by the trial court and used by it in determining its judgment. The real question is whether the inclusion of the exceptions in the covenant and warranty clause cut down or in any manner lessened the grant as made by the granting clause and habendum clause.

We agree with the view expressed by the trial court that the deed is unambiguous, and in our opinion application of pertinent rules of interpretation to the face of the instrument does not leave it uncertain which of two or more meanings is the proper meaning. We must start with the statutory declaration that every conveyance of real estate shall pass all of the estate of the grantor unless the intent to pass a less estate expressly appears or is necessarily implied in the terms of the grant. No such intention appears in the granting and habendum clauses. The only exceptions are in the covenant and warranty clause and, as stated, are only limitations on the covenant that the real estate is free, discharged and unencumbered from all former and other grants. We think it clear from the deed considered as a whole that the exceptions were limitations only on the

covenants and that they may not be said to have cut down the grant and reserved title to 15/16ths of the minerals to the grantor.

In our opinion the judgment of the trial court quieting the title as heretofore stated cannot be affirmed.

Disposition of the appeal requires that we take notice whether any of the allegations of defendants' answer and cross petition, with subsequent amendments thereto, compels a new trial or whether the state of the record discloses this court should render judgment (*Devlin v. City of Pleasanton*, 130 Kan. 766, 288 Pac. 595).

We notice only briefly their allegations that plaintiff is estopped to question their title to the mineral interests, or alternatively, that he holds in trust for them. The deed to plaintiff was made January 14, 1942, and was recorded January 17, 1942. Certainly Smith, the grantor in that deed, was fully aware of its contents. When on February 23, 1942, she attempted to make a conveyance of a part of the lands she had previously conveyed to the predecessor in title of the defendants, the grantee in that deed and all persons claiming under that grantee, were bound by the statute (then G. S. 1935, 67-222) to take notice of the contents of the plaintiff's recorded deed. Plaintiff who was in possession of the real estate under his recorded deed, had no duty to commence any action against subsequent grantees of his grantor, to have the second deed declared null and void, even though he knew of its existence. There is nothing pleaded that his title was in any way under attack, or that his right of possession was questioned, other than the claim he should have known or did know of the second deed. Nothing is pleaded that estops plaintiff from claiming title to all of the real estate conveyed to him.

Defendants' contention that plaintiff holds the title to 15/16ths of the mineral interests in trust for them is predicated on the proposition that plaintiff knew of Smith's intention to and the fact that she did on February 23, 1942, make a conveyance of the "excepted" mineral rights and never denied or disputed the defendants' rights until the filing of this action. This is only a variation of the defendants' contention the plaintiff is estopped to deny their title. Without further comment we hold there was no trust relation.

The record as abstracted discloses that from December, 1935, to March, 1936, portions of the mineral rights were conveyed for a primary term of fifteen years. That time has elapsed and those portions have reverted to the real estate; that other portions were

conveyed October 6, 1937, for a primary term of fifteen years and have reverted; that other portions were conveyed on October 12, 1936, for a primary term of twenty years, which has not expired. The names of the holders of these interests do not appear and we are not advised by the record whether they were made defendants, or if so, whether they answered or disclaimed. The record further discloses that on January 12, 1942, Mary Smith conveyed to Ruggels 9/160ths of the mineral rights for a primary term ·of fifteen years which has not expired. Ruggels conveyed a part of the interest granted to him to his co-defendants Broun and Koelling. The present status of the rights of grantees under the unexpired terms of the conveyances made prior to January 14, 1942, should be determined by the trial court.

The judgment of the trial court is reversed and set aside and the cause remanded to the trial court with instructions to determine which of the several mineral conveyances for stated terms remain unexpired and in effect and to render judgment in favor of plaintiff quieting his title to the real estate involved, subject to the rights of the defendants under the unexpired terms of mineral conveyances owned by them.