NOT DESIGNATED FOR PUBLICATION

No. 115,850
No. 115,851

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of EDWARD BUSH, Deceased.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed March 24, 2017. Reversed and remanded with directions.

*Brandon R. Bieker*, of Johnson Schowengerdt, P.A., of Iola, for appellant.

*Charles H. Apt III*, of Apt Law Offices, LLC, of Iola, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*:  The controlling issue in these consolidated probate cases turns on what property rights are passed in deeds that describe real property without mentioning mineral interests when those mineral interests already have been severed from the land. The settled rule in Kansas states that the severed mineral interests are transferred with the land unless they have been specifically identified in the deed and excluded from transfer. *Fast v. Fast*, 209 Kan. 24, 28-29, 496 P.2d 171 (1972). The Allen County District Court did not apply that rule and, as a result, erred in finding a disputed mineral interest belonged to Judy Bass rather than to Christinea Koyianis. We, therefore, reverse and remand with directions that the district court enter orders in the probate cases confirming Koyianis' ownership of the mineral interest.

1

We dispense with a detailed discussion of the various land transfers leading up to the probate dispute—the parties know well those transactions—to focus on the considerably narrower legal issue that governs. Debra King held fee simple title to 80 acres of land in Allen County. In 2009, she deeded 40 of the 80 acres and an undivided one-half mineral interest in the entire 80 acres to Bass, her sister. King, thus, retained 40 acres of land and an undivided one-half mineral interest in the entire 80 acres. The transaction severed the mineral interests from the land.

Through a series of later transfers, King's land wound up with Edward Bush. Each of the deeds involved in those transactions identified the 40-acre tract King had retained but made no mention of the mineral interest. The deeds did so by providing a legal description of the original 80-acre tract and then specifically excepting from transfer the 40 acres that already had been deeded to Bass. Those deeds, however, contained no exception for mineral interests associated with the described real property.

King died just before Bush in 2015. Both died intestate. Koyianis, as Bush's heir, claimed she inherited all of what had been King's interests: the 40 acres of land plus the undivided mineral interest in the original 80 acres. Bass, as King's heir, asserted that King had retained the undivided mineral interest in the 80 acres and had transferred only title to the land itself in the later deeds. The district court consolidated the two probate actions for the limited purpose of resolving the dispute between Koyianis and Bass over the mineral interest.

The district magistrate judge ruled that Bass inherited the undivided one-half mineral interest in the 80 acres from King—meaning that interest was not transferred in the later deeds and never belonged to Bush. The district court then affirmed that ruling. Koyianis has timely appealed to this court.

2

The relevant facts are undisputed, including the language of the pertinent deeds. The question, then, is one of law. So we owe no particular deference to the rulings in the district court.

As we have indicated, *Fast* is dispositive, and its holding directs that the disputed mineral interest belongs to Koyianis, as Bush's heir. 209 Kan. at 28-29. In *Fast*, the court held that a general warranty deed conveys all of the grantor's interests in the described real property including already severed mineral interests unless the terms "unmistakably negate" that intent. 209 Kan. at 28-29. The court relied on *Brungardt v. Smith*, 178 Kan. 629, 290 P.2d 1039 (1955), and pointed out that the rule is fully consistent with K.S.A. 58-2202, which provides "every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant." We applied the rule outlined in *Fast* in *Stratmann v. Stratmann*, 6 Kan. App. 2d 403, 407-08, 628 P.2d 1080 (1981), and recently recognized it in *Chamberlain v. Schmidt*, No. 112,667, 2016 WL 563003, at *6 (Kan. App. 2016) (unpublished opinion) (citing *Stratmann*, 6 Kan. App. 2d. 403, Syl. ¶ 4).

Without belaboring the point, the pertinent deeds all conveyed King's rights in the 80-acre tract, noting the exclusion of the 40 acres King had earlier deeded to Bass. Absent a specific exception or reservation for the undivided one-half mineral interest in the 80-acre tract, the deeds conveyed the mineral interest in addition to the surface rights. Bush owned the mineral interest when he died, so it passed by intestate succession to Koyianis.

Bass urges a different result and relies on *Central Natural Resources v. Davis Operating Co.*, 288 Kan. 234, 201 P.3d 680 (2009). But her reliance is misplaced. In *Central Natural Resources*, the court acknowledged the rule from *Fast* as an accurate statement of Kansas law. 288 Kan. at 247. The court held that deed language granting "all coal," along with the right to enter for the purpose of extracting coal, did not include

ownership of methane gas found in the coal bed. 288 Kan. at 251. The case determined the scope of the operative term "all coal" with respect to other minerals and, thus, neither addresses a comparable issue nor advances Bass' position.

We, therefore, reverse the district court and remand with directions to enter appropriate orders confirming Koyianis' ownership of the undivided one-half mineral interest King retained in 2009 when she originally deeded 40 acres of the 80-tract and a comparable mineral interest to Bass.